IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| BARRY S. BUSSELLE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-06-CV-340 |
| | § | |
| NEWFIELD EXPLORATION CO., | § | |
| et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER DENYING DEFENDANT'S MOTION TO TRANSFER

This case arises out of personal injuries sustained by Plaintiff Barry Busselle while working on a platform located in the Gulf of Mexico. Now before the Court comes Defendant Grasso Production Management Inc.'s ("Grasso" or "Defendant") Motion to Transfer to the Houston Division of the Southern District of Texas. For the reasons stated below, Defendant's Motion is respectfully **DENIED**.[1]

**I. Background**

In December, 2005, Plaintiff was working as a meter technician for Intertek/KCS aboard a platform controlled by Newfield Exploration Company. He alleges that he suffered severe and debilitating injuries due to the negligence of several parties after slipping on the platform's decking.

**II. Legal Standard**

The federal venue transfer statute provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any

---

[1] The Court does not consider this Order worthy of publication. Accordingly, it has not requested and does not authorize publication.

other district where it might have been brought." 28 U.S.C. § 1404(a). The movant bears the burden of demonstrating to the Court that it should transfer the case. *See Peteet v. Dow. Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) (requiring movant to make a showing that the forum sought is more convenient); *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966) ("At the very least, the plaintiff's privilege of choosing venue places the burden on defendant to demonstrate why the forum should be changed."). In determining whether a venue transfer is warranted, the Court considers the availability and convenience of obtaining attendance of witnesses and other trial expenses; the place of the alleged wrong; the location of pertinent books and records; the possibility of delay and prejudice if transfer is granted; and the plaintiff's choice of forum, which is generally entitled to great deference. *See e.g., Henderson v. AT&T Corp.*, 918 F. Supp. 1059, 1065 (S. D. Tex. 1996); *Dupre v. Spanier Marine Corp.*, 810 F. Supp. 823, 825 (S. D. Tex. 1993); *Continental Airlines, Inc. v. American Airlines, Inc.*, 805 F. Supp. 1392, 1395-96 (S.D. Tex. 1992). The decision to transfer a case lies within the sound discretion of the Court, and such determinations are reviewed under an abuse of discretion standard. *See Peteet*, 868 F.2d at 1436.

**III. Analysis**

*A. Availability and Convenience of Witnesses*

"The availability and convenience of witnesses is arguably the most important of the factors" in the § 1404 analysis. *LeBouef v. Gulf Operators, Inc.*, 20 F. Supp. 2d 1057, 1060 (S.D. Tex. 1998) (citing 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 3851, at 415 (1986)). To support a Motion to

Transfer on this ground, the movant must identify key witnesses and provide a brief outline of their likely testimony. *See id.* (citing *Dupre*, 810 F. Supp. at 825).

Defendant claims that the availability and convenience of all witnesses support transfer to Houston. However, Defendant has failed to identify any particular witness whose convenience or availability would be increased, nor has it provided descriptions of any witness's likely testimony. Without such information, it is impossible for the Court to determine their importance or lack thereof.

Grasso instead argues that because all of the Defendants are residents of Harris County, located within the Houston Division, that the availability and convenience of all involved will be increased by transfer. However, Grasso has failed to show how it or the other Defendants will be inconvenienced by traveling to the Galveston courthouse rather than the Houston courthouse. *See Smith v. Colonial Penn. Ins. Co.*, 943 F. Supp. 782, 784 (S.D. Tex. 1996). After all, it is not as if Defendants are "being consigned to the wastelands of Siberia." *Jarvis Christian Coll. v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir. 1988).

Defendants have not met their burden of proof in demonstrating that transferring this case to the Houston Division will increase the availability and convenience of the potential witnesses in this case. This factor does not support transfer.

*B. Location of Books and Records*

The location of books and records is generally of little importance in a personal injury case. Grasso has not indicated that the records in this case are so voluminous that it would incur substantial cost in transporting them to this Court rather than the federal

courthouse in Houston. *See LeBouef*, 20 F. Supp. 2d at 1060. This factor does not support transfer.

## C. Cost of Obtaining Witnesses and Other Trial Expenses

Grasso has not given the Court any reason to believe that the Houston Division would offer lower costs for obtaining witnesses and other trial expenses. Given the close proximity of the two cities, this Court's cost-efficient manner of handling cases, and this Court's comparatively shorter trial track, common sense dictates that trial expenses will be similar if not identical in both venues. *See Chretien*, 169 F. Supp. 2d at 675. This factor does not support transfer.

## D. Place of the Alleged Wrong

This accident occurred on a platform somewhere in the Gulf of Mexico. Since the place of the alleged wrong is neither Houston nor Galveston, it is of little importance in this instance. This factor does not support transfer.

## E. Possibility of Delay

This case is set for trial in April of this year. Transfer at this stage would inevitably delay trial for a substantial period of time. Accordingly, this factor weighs against transfer.

## F. Plaintiff's Choice of Forum

Plaintiff's choice of forum is generally entitled to great deference. However, that choice of forum is entitled to less deference when the plaintiff does not live in the forum. *See e.g., Robertson v. M/V Cape Hunter*, 979 F. Supp. 1105, 1109 (S.D. Tex. 1997) (finding that a Mississippi plaintiff's choice of the Southern District of Texas was entitled to little or no deference where the case had no connection to the forum). Plaintiff is a

resident of Louisiana.  Therefore, while Plaintiff is not a resident of this Division, he is also not a resident of the Houston Division.  This factor does not weigh for or against transfer.

## IV.  Conclusion

After examining the relevant venue factors coupled with the specific facts of this lawsuit, the Court concludes that Grasso has failed to carry its burden of demonstrating that transferring this case to the Houston Division would increase the convenience of all involved, and that transfer would be in the interests of justice.  The circumstances of this case do not support transfer of this case to the Houston Division.  Therefore, Grasso's Motion to Transfer Venue is **DENIED**.  All Parties are to bear their own costs, expenses, and attorneys' fees incurred herein to date.

**IT IS SO ORDERED.**

**DONE** this 24th day of January, 2007 at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge